THE STATE, EX REL. VAN SUCH, CITY SOLICITOR, APPELLANT, *v.* PRESSLEY ET AL., CIVIL SERVICE COMMISSION, APPELLEES.[*]

(No. 3653—Decided October 5, 1954.)

*Mr. Paul R. Van Such,* for appellant.

[*]Motion to certify the record overruled January 12, 1955.

344

PHILLIPS, J. A judge of the Court of Common Pleas denied relator, city solicitor of the city of Campbell, a writ of mandamus commanding respondents, as the civil service commission of that city, under the provisions of Section 143.39, Revised Code, to certify to the fiscal officer thereof that Vlad Tikson, a sanitary police officer, was an employee of that city during a twenty-day period of suspension as a disciplinary measure imposed under Section 143.26, Revised Code.

Relator appealed to this court on questions of law from the judgment of the trial court denying the writ.

As ex-officio president of the Board of Health of the City of Campbell, the mayor thereof notified Tikson in writing of his suspension and furnished the civil service commission with a copy thereof.

Relator contends here, as he did in the trial court, that Section 143.26, Revised Code, authorized Tikson's removal solely by the board of health as the appointing authority, which board took no official action of suspension, and that his removal by the respondent chairman of such board was illegal.

Under Section 2731.01, Revised Code, mandamus is a writ commanding the performance of an act which the law specifically enjoins as a duty.

In our opinion, in the absence of information to the contrary, upon receipt of notice of Tikson's suspension, the commission assumed rightly that the president of the board of health spoke for the board that Tikson had been suspended lawfully. Therefore, in accordance with the provisions of Section 143.39, Revised Code, it properly included in its certificate to the city fiscal officer Tikson's name as having been suspended under civil service laws.

The trial judge was right in saying that he could not hold that respondents, as members of the civil service commission of the city of Campbell, failed to perform any duty which the law specifically enjoined on them, and properly denied relator the peremptory writ of mandamus sought.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., and NICHOLS, J., concur.